IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Darryl K. Counts, | ) | C/A No.: 3:13-1890-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kershaw County Sheriff Dept.; City of | ) | |
| Camden; Kershaw County Probate | ) | REPORT AND RECOMMENDATION |
| Court; Kershaw County Solicitor; | ) | |
| Kershaw County Clerk of Court; | ) | |
| Kershaw County Medical Dept.; | ) | |
| Kershaw County Detention Center; | ) | |
| Kershaw Mental Health; Kershaw | ) | |
| County Probation Court, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Darryl K. Counts ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by the City of Camden and various Kershaw County offices and departments ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that Defendants falsely arrested him on several occasions with forged paperwork. [Entry #1 at 3]. Plaintiff indicates that the charges are somehow

related to an unidentified individual who called Kershaw County schools, using Plaintiff's name. *Id.* at 4. Plaintiff seeks monetary damages for an alleged violation of his rights under the Fourteenth Amendment. *Id.* at 4–5.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

2

should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  This is the second complaint filed by Plaintiff in this court alleging false arrest against the Sheriff's Department, Solicitor's Office, Probate Office, and Probation Office of Kershaw County.  *See Darryl K. Counts v. Kershaw County Sheriff Dep*, C/A No. 3:10-2165-CMC (D.S.C. Aug. 18, 2010) ("*Counts I*").[1]   The court summarily dismissed *Counts I* because Plaintiff failed to name a "person" amenable to suit under § 1983.  *Id.* at Entry # 16.  While it is unclear whether the instant complaint addresses the same false arrest incidents discussed in *Counts I*, it is likewise subject to summary dismissal.

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

"person" includes individuals and bodies politic and corporate).  Courts have held that

inanimate objects such as buildings, facilities, and grounds are not "persons" and do not

act under color of state law.  *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-

JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to

establish that the Lexington County Detention Center, "as a building and not a person, is

amenable to suit under § 1983").  As in *Counts I*, except for the City of Camden, the

Defendants in this action constitute offices, buildings, departments, or entities of

Kershaw County.  As the following defendants are not "persons" amenable to suit under

§ 1983, they should be summarily dismissed from this case: Kershaw County Sheriff

Dept; Kershaw County Probate Court; Kershaw County Solicitor; Kershaw County Clerk

of Court; Kershaw County Medical Dept; Kershaw County Detention Center; Kershaw

Mental Health; and Kershaw County Probation Court.[2]

To the extent the City of Camden may be considered an appropriate defendant

under § 1983, Plaintiff's claims against it are also subject to summary dismissal.

Municipal liability is based on execution of a governmental policy or custom. *Monell,*

436 U.S. at 690–91.  A municipality may not be held liable under § 1983 solely because

it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom

that caused the plaintiff's injury. *Board of County Comm'rs v. Brown*, 520 U.S. 397

(1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir.

2004).  Plaintiff fails to identify a policy or custom of the City of Camden which

---

[2] As Plaintiff does not sue the Kershaw County Solicitor or Clerk of Court by name, the undersigned interprets the complaint as bringing suit against these offices.

allegedly caused his federal rights to be violated. Thus, he fails to state a claim against the City of Camden.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

July 25, 2013                                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).